RYDER, Judge.
The state appeals an order suppressing physical evidence seized from appellees, alleging that the search of a motor vehicle which produced the contraband was constitutionally permissible. We agree and reverse the order of suppression.
The state charged appellees with trafficking in cocaine and possession of methaqua-lone. At the hearing on appellees’ motion to suppress, testimony indicated that police officers responded to a disturbance call at an apartment where appellees were located. The officers testified that both appellees appeared sleepy, and that their speech was slurred. The officers left the apartment but waited nearby to ascertain if the disturbance would begin anew. Appellees, however, exited the apartment and departed from the area in a vehicle.
The officers followed the car and soon it was operated at an excessive speed and began weaving across the highway. The officers stopped the vehicle at which point they noticed the heads of the two occupants go together in the front seat. The driver, appellee Ranek, finally stepped from the car after being requested to do so four or five times. Ranek approached the officers in an unsteady walk, and had no driver’s license or other identification. Ranek failed three field sobriety tests, and police arrested her for driving while intoxicated.
Officer Worthington noticed a bulge in Ranek’s right front pocket with a black strap protruding out of the pocket. Further investigation revealed the bulge was a black gun holster with a knife in it. The officer testified that the presence of the holster produced a concern that there was possibly a weapon in the vehicle which matched the holster. Worthington and Cpl. Blosser proceeded to the car where Worth-ington searched the driver’s side for weapons. Blosser went to the passenger side, removed appellee Anders and found a large handbag under the floormat on the passenger’s side and handed it to Worthington. The purse was opened, searched and contraband was found therein. The officers did not frisk Anders when they removed her from the vehicle, which was registered to Ranek. The bag containing narcotic substances belonged to Anders.
The lower court, on February 24, 1981, entered an order suppressing the physical evidence seized. But the trial judge did not have before him the benefit of the holding in the more recent United States Supreme Court decision of New York v. Belton, - U.S. -, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). In Belton, the Supreme Court held that the scope of a search incident to arrest includes the interi- or of an automobile where the arrestee is *292 the recent occupant thereof. Belton also adopted as a rule the permissibility of such a search without regard to the particular facts of any arrest. See Chapas v. State, 404 So.2d 1102 (Fla.2d DCA 1981). As the court noted in Belton :
When a person cannot know how a court will apply a settled principle to a recurring factual situation, that person cannot know the scope of his constitutional protection, nor can a policeman know the scope of his authority. While [Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)] established that a search incident to an arrest may not stray beyond the area within the immediate control of the arrestee, courts have found no workable definition of “the area within the immediate control of the arrestee” when that area arguably includes the interior of an automobile and the arrestee is its recent occupant. Our reading of the cases suggests the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within “the area into which an arrestee might reach in order to grab a weapon or evidentiary item.” Chimel, supra, at 763 [89 S.Ct. at 2040]. In order to establish the workable rule this category of cases requires, we read Chimel’s definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman had made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
101 S.Ct. at 2864.
Applying Belton and Chapas to the case below, we hold that the police officers were permitted to search the interior of the vehicle incident to arresting Ranek. Additionally, the presence of a pistol holster on Ranek made it reasonable for the officers to fear that a gun matching that holster was in the vehicle. The possibility of danger to the police was thus increased by the possession of the holster on Ranek and the presence of Anders in the car, and it was permissible for the officers to conduct a weapons search to insure their own safety.
The order of suppression below is REVERSED and the case REMANDED for further proceedings.
GRIMES, A. C. J., and SCHOONOVER, J., concur.